The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: October 31 2023

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CANTON)

| | | |
|---|---|---|
| In Re: | ) | Case No. 23-60405 |
| | ) | |
| ANDREA R. THOMAS | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | |
| | ) | JUDGE JOHN P. GUSTAFSON |

### DECISION AND ORDER REGARDING TRUSTEE'S OBJECTION TO CONFIRMATION

This matter comes before the Court on the Chapter 13 Trustee's Objection to Confirmation of Plan [Doc. #23] and Debtor's Response to Trustee's Objection to Confirmation [Doc. #25]. A brief hearing on the record was held on this issue (and other issues) on August 16, 2023. [Doc. #26]. A briefing schedule was established, allowing simultaneous briefs to be filed by the Chapter 13 Trustee and the Debtor on or before October 2, 2023. Both parties filed briefs in support of their respective positions. [Docs. ##30 and 31]. Response briefs were due by October 16, 2023. Neither party elected to file a Response.

The issue the parties ask the court to decide is whether or not Debtor is entitled to claim a homestead exemption in a $40,000 payment that is to be made pursuant to a Separation Agreement from funds that are to be realized upon the contemplated refinancing or eventual sale of real estate awarded to Debtor's former husband. The Separation Agreement was dated and file stamped on August 12, 2022. [Doc. #31, at 2; Doc. #1, at 34]. Debtor's former husband appears to continue to live in the property, and at least one dependent of the Debtor lives in the property on a part-time basis.[1]

The Trustee appears to assert that the property is not subject to Debtor's claim of the homestead exemption because: 1) Debtor did not reside at the property at the time of filing, or anytime thereafter [Doc. #1, at 32]. Instead, the Trustee's position appears to be that the "asset" in issue is solely a right to payment of $40,000 under a separation agreement.

The filing of a petition for relief under the Bankruptcy Code creates a bankruptcy estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" wherever located and by whomever held. 11 U.S.C. §541(a)(1). The Bankruptcy Code authorizes a debtor to "exempt" certain property from the estate. *Id.* at §522(b); *Law v. Siegel*, 571 U.S. 415, 417, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014); *Holland v. Star Bank, N.A. (In re Holland)*, 151 F.3d 547, 548 (6th Cir. 1998). "Pursuant to § 522(b)(2), a debtor may claim federal exemptions set forth in § 522(d) so long as the applicable state has not 'opted-out' and enacted its own exemptions." *In re Nadeau*, 2022 WL 456708 at *2, 2022 Bankr. LEXIS 363 at *5 (Bankr. N.D. Ohio Feb. 14, 2022). "Ohio has opted-out of the federal exemptions." *Id*. Accordingly, Debtors, as residents of Ohio, may, for the most part, claim only the exemptions available under Ohio law.

Exemption claims are afforded a prima facie presumption that they are valid. *In re Aubiel*, 534 B.R. 300, 304 (6th Cir. BAP 2015). A party in interest may object to a claimed exemption. Fed. R. Bank. P. 4003(b). The party objecting to a debtor's claimed exemption has the burden of rebutting the presumption by a preponderance of the evidence. Fed. R. Bankr. P. 4003(c); *In re Wengerd*, 453 B.R. 243, 246 (6th Cir. BAP 2011); *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 723 (6th Cir. BAP 1999); *In re Nadeau*, 2022 WL 456708 at *2, 2022 Bankr. LEXIS 363 at *6.

---

1/ Debtor lists two children on Schedule J, one 18 years old at the time of filing, and one 15 years old. While the 18 year old may not live at home, it appears likely to the court that the 15 year old still does.

23-60405-jpg    Doc 32    FILED 10/31/23    ENTERED 11/01/23 07:53:28    Page 2 of 8

Given their remedial nature, Ohio courts follow the general rule that exemption statutes are to be construed liberally in favor of the debtor and any doubt in interpretation should be in favor of granting the exemption. *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147-48 (6th Cir. BAP 2013)(citing *Daugherty v. Cent. Tr. Co. of Ne. Ohio*, 28 Ohio St.3d 441, 447, 504 N.E.2d 1100, 1105 (1986))(other citations omitted); *In re Nadeau*, 2022 WL 456708 at *2, 2022 Bankr. LEXIS 363 at *6; *In re Pugh*, 2015 WL 5145030 at *2, 2015 Bankr. LEXIS 2911 at *4 (Bankr. N.D. Ohio Aug. 31, 2015); *Sears v. Hanks*, 14 Ohio St. 298, 301 (1863)("The [homestead] act should receive as liberal a construction, as can fairly be given to it."); *accord In re Wengerd*, 453 B.R. at 246-47 (holding Ohio courts construe exemption statutes liberally in favor of debtors to effectuate the goals of providing honest debtors a fresh start and basic necessities); *In re Kudela*, 427 B.R. 643, 645 (Bankr. N.D. Ohio 2010)(holding exemptions are to be liberally construed in favor of a debtor based on their remedial function aimed at providing the debtor with necessary property, rehabilitation, and protection from the adverse effects of impoverishment).

A "liberal construction" does not mean "words and phrases shall be given an unnatural meaning, or that the meaning shall be enlarged or expanded to meet a particular state of facts." *In re Breece*, 2013 WL 197399 at *7, 2013 Bankr. LEXIS 203 at *21 (6th Cir. BAP Jan. 18, 2013)(quoting *Dennis v. Smith*, 125 Ohio St. 120, 124, 180 N.E. 638, 640 (1932)).

Exemptions exist as creatures of statute, being in derogation of the common-law rule that property of the debtor is subject to execution for the payment of legal obligations. *In re Kudela*, 427 B.R. at 646. Thus, a claim of exemption must be based on a statutory provision for such exemption. *See*, *Ohio Bell Tel. Co. v. Antonelli*, 29 Ohio St.3d 9, 11, 504 N.E.2d 717, 718 (1987)("The legislature has the exclusive authority to declare what property shall be exempt from the purview of collection laws.").

The Ohio homestead exemption statute, 2329.66(A)(1)(b), provides:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

\* \* \* \* \* \* \*

(1)(b) In the case of all other judgments and orders, the person's interest, not to exceed one hundred twenty-five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

3

Thus, the statute allows the exemption of the "homestead" if either the debtor or a dependent of the debtor uses the property as a residence.

Neither party directly addressed the two Ohio bankruptcy court decisions that appear most directly on point. In 1993, the Honorable Walter J. Krasniewski issued a decision in *In re Miller*, 157 B.R. 621 (Bankr. N.D. Ohio 1993), which held that the statute should be construed to allow a homestead exemption in property that "a dependent of [the Debtor] uses as a residence." *Miller*, 157 B.R. at 622. "The Children lived in the Residence at the time the petition was filed. The Children also live in the Residence at the present time. This is sufficient to satisfy the requirements of Ohio Rev.Code § 2329.66." *Id.* at 623. A similar holding is found in *State Sav. & Loan v. Parker*, 1986 WL 13289, 1986 Ohio App. LEXIS 9187 (Ohio App. Ct. 11th Dist. Nov. 21, 1986).[2]

Following *Miller*, the decision in *In re Street*, 395 B.R. 637 (Bankr. S.D. Ohio 2008) upheld the homestead exemption of property used by debtor's dependent, that were to be paid to debtor as part of a divorce decree. "The Trustee seeks an order requiring Chrystal to turn over postpetition payments she receives from Lawrence ("Payments") as part of a division of certain marital property—a retirement plan and the marital residence—made in connection with their divorce proceeding." *Street*, 395 B.R. at 639. The arguments made by the trustee in *Street* mirror the argument made by the Trustee here: "The Debtors contend that Chrystal may exempt the Payments from her estate because the Payments are attributable to the division of two types of property—the Retirement Plan and the Residence—each of which is exempt under Ohio law. Hazlett does not challenge the exemptibility of the Retirement Plan and the Residence (up to $5,000 per debtor as of the Petition Date) under Ohio law. Rather, he disputes that Chrystal had an interest in the Retirement Plan as of the Petition Date and also disputes that she may use any exemption in the Retirement Plan or in the Residence to retain the Payments." *Id*. at 642. More specifically: "The Trustee argues that Chrystal is unable to claim an exemption under these

---

2/ "The facts in this case establish that although Sam Parker did not reside at the house at 750 Oak Street in Painesville, it was the marital house before appellants Sam and Rhoda Parker were divorced and the house where Rhoda Parker still lived. In addition, Sam Parker's dependent child, Samantha, resided in this house with her mother. Thus, although the trial court ruled that Sam Parker had abandon the marital abode and was not entitled to an exemption, it seems clear that his dependent daughter was still a resident of the house and that, therefore, Sam Parker would be entitled to an exemption of not more than $5,000 on this property pursuant to O.R.C. §2329.66. Thus, the trial court erred in denying Sam Parker a $5,000 exemption. Appellant's fourth assignment of error is well taken and should be sustained." *Parker*, 1986 WL 13289 at *5, 1986 Ohio App. LEXIS 9187 at **12-13.

4

provisions because the Agreement and the Journal Entry divested her of any interest in the Retirement Plan, leaving her with only a nonexempt right to periodic cash payments." *Id*. at 643.

In dealing with the retirement plan, the *Street* court relied on *In re Greer*, 242 B.R. 389 (Bankr. N.D. Ohio 1999). The facts were somewhat different in *Street*, with the divorce decree having been entered post-petition, rather than pre-petition as in the Separation Agreement in the present case, but the reasoning cited still appears to apply:

> "Chrystal's interest in the Retirement Plan was merely a contingent interest as of the Petition Date and was subject to divestment until the State Court entered the Decree. *See Greer*, 242 B.R. at 396 ('[G]iven the fact that neither spouse is assured of receiving any specific item of 'marital property,' the Court holds that upon a spouse filing for divorce, and until a formal distribution of the parties' property is made, the interest a spouse acquires in the other's separately titled property is strictly contingent, and therefore subject to later divestment if the state court with jurisdiction over the parties' property does not enter an order awarding the property to the non-title holding spouse.'). However, a debtor may claim an exemption in an asset even though his or her only interest in the asset is contingent. *See id*. at 399 ('In recognition of the potential for a contingent interest to be sold and also attached by creditors, bankruptcy courts, in interpreting Ohio law, have allowed debtors to claim exemptions in contingent interest[s].')."

*Street*, 395 B.R. at 643-44.

The *Street* court went on to reject arguments, similar to those made by the Trustee, as to the distribution of allocated equity from the debtor's claim under the Ohio homestead exemption.

> To successfully assert an exemption under this section, Chrystal must (1) hold an "interest ... in ... one parcel or item of real or personal property" and (2) the parcel or item in which she holds an interest must be "use[d] as a residence." *Kimble*, 344 B.R. at 553 (internal quotation marks omitted).[3]
>
> Chrystal is entitled to this exemption. First, she had an ownership interest in the Residence as of the Petition Date. The Decree could not have divested Chrystal of that interest because, as discussed above, the State Court did not approve the Decree until after the Petition Date. Moreover, the Decree does not purport to divest Chrystal of her interest in the Residence immediately. Rather, it states that "[w]hen [Lawrence] ... refinances, [Chrystal] will be responsible for providing a good and sufficient deed as to convey her interest in that property to [Lawrence]." Under the Decree, then, Chrystal retained an interest in the

---

3/  *In re Kimble*, 344 B.R. 546 (Bankr. S.D. Ohio 2006).

5

Residence and is not obligated to convey that interest by deed to Lawrence until he refinances—an event that had not occurred as of the Petition Date.

Second, Chrystal's dependents—her children—live at the Residence whenever Lawrence is serving as the residential parent. Residential use by a dependent satisfies the second prong of the exemption. *See In re Miller*, 157 B.R. 621, 622–23 (Bankr. N.D. Ohio 1993) (holding that debtor-husband could exempt his interest in the [*sic*] home even though he lived elsewhere and even though the home was a residence only for his children and co-debtor wife, from whom he was separated).

Furthermore, because Chrystal is realizing her equity in the Residence in the form of the Payments, Chrystal may claim her exemption in the Residence by exempting the Payments from her estate.

*Street*, 395 B.R. at 646-47.

Here, it appears no "formal distribution of the parties' property" has been made. Instead, it appears that Debtor is still one of the two joint title holders of record on the property. *See e.g.*, O.R.C. §5301.25(A).[4] No evidence was presented that the Separation Agreement or the contemplated quit claim deed has been recorded in the real estate records. *See*, *In re Costell*, 75 B.R. 348, 351 (Bankr. N.D. Ohio 1987). While the Separation Agreement calls for the property to be sold if the property was not refinanced and distribution made to Debtor within 180 days – there is no evidence that the property was ever listed for sale. Moreover, the Separation Agreement itself recognizes that it is not really making a present conveyance of the real estate to "Husband" as the Trustee argues. The Separation Agreement calls for a quit claim deed to be "held in trust" until "Wife" is paid – and requires that the deed be "destroyed and held for naught"

---

4/ Trustee cites three Ohio cases for the proposition that a present transfer of ownership of the real estate was made by the Separation Agreement. Those cases are: "*Lewers v. Am. Express Tr. Co*., Case No. 96-CA-0354, 1997 Ohio App. LEXIS 5354, *4 (Ct. App. Nov. 10, 1997). *See also*, *In re Estate of Sakalos*, Case No. 3964, 1986 Ohio App. LEXIS 7179 (Ct. App. June 11, 1986)(Ninth Appellate District holding that a divorce decree divested the appellant of her status as a beneficiary); *Karras v. Karras*, Case No. 2015 CV 00941, 2016 Ohio Misc. LEXIS 19248 (Ct. Com. Pl. June 3, 2016)(holding that the terms of the divorce decree forfeited the defendant's legal and equitable interest in real estate)." The first two cases, *Lewers* and *Sakalos*, do not deal with real estate, and the court finds them unpersuasive in the present case. The *Karras* decision is a Common Pleas Court action to quite title, because the divorce decree – in and of itself, at least without being recorded - was not sufficient to provide clear title. More persuasive to this court are cases like *Bank of New York v. Stambaugh*, 2003 WL 22844267 at *2, 2003 Ohio App. LEXIS 5711 at **5-6 (Ohio Ct. App. 11 Dist. Nov. 26, 2003)[*discretionary appeal not allowed*, 102 Ohio St. 3d 1422 (Ohio 2004)] which stated: "Property interests, whether encumbrances or actual title, are frequently transferred by court order. This does not relieve the party receiving the property interest from the recording requirements of R.C. 5301.23 and 5301.25."

6

23-60405-jpg    Doc 32    FILED 10/31/23    ENTERED 11/01/23 07:53:28    Page 6 of 8

if she is not paid in 180 days from the date of the Order (a deadline which has already passed). Moreover, the Separation Agreement states that: "The Court shall retain jurisdiction over the refinancing or sale of the real estate." [Doc. #31, at 12]. Counsel for Debtor represented his understanding that the ex-spouse was still working toward refinancing the property. [Doc. #30, at 1 n.1].

Accordingly, the court finds that the Debtor holds an "interest ... in ... one parcel or item of real or personal property." It appears that in the county real estate records, Debtor is still a co-owner of record, and the divorce decree has not, by its own terms, divested her of that position. The court further finds that at least one dependent of the Debtor likely lives part-time at the residence with debtor's ex-spouse under a shared parenting agreement, making the Debtor eligible to claim the Ohio homestead exemption under both *Miller* and *Street*.[5]

There are two additional reasons why the Debtor should not be required to include the proceeds from her former residence in the liquidation analysis under the best interest of creditors test. *See*, §1325(a)(4). First, the Trustee did not object to the Debtor's claim of exemption within 30 days after the first meeting of creditors. *See*, Fed. R. of Bankr. P. 4003(b); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992)(holding that the validity of the claimed exemption could not be challenged after the 30-day period for objecting had expired, and no extension had been obtained); *In re Baker*, 791 F.3d 677, 683 (6th Cir. 2015)("This time limit is both mandatory and jurisdictional.").

While the Trustee asserts that "Debtor no longer had a legal or equitable interest in the real estate" – and therefore the claim of exemption was ineffective – the Debtor retains legal title to the property, which would only be transferred through the recordation of the quit claim deed, or as part of the sale of the property. She also has an equitable interest limited to $40,000, at present, by the Separation Agreement. However, the Separation Agreement states: "The Court shall retain jurisdiction over the refinancing or sale of the real estate." It does not appear that the time limits stated in the Separation Agreement have been complied with. It is not clear what changes might be made if the mater went back to the domestic relations court under its express retention

---

5/ It should be noted that this court did not find *Miller* and *Street* helpful in *In re Snyder*, 645 B.R. 595, 601 n.4 (Bankr. N.D. Ohio 2022) because being eligible to claim an exemption based on a dependent residing at the other debtor's property did not solve the fundamental problem in that case, which was that each debtor was only permitted to exempt "one parcel or item" under Ohio's homestead exemption provision. *See*, §2329.66(A)(1)(b).

7

jurisdiction.

The Trustee's position is that "there is a significant difference between a partial interest in real estate and the right to receive a lump sum of cash pursuant to a divorce decree." Again, it appears the Debtor is still the co-owner of record. There is a clear link between the Debtor's ownership of the real estate and the amount she is to receive for that interest. While bankruptcy courts have found that "a variety of debtor interests in property amounting to less than titled ownership" qualify as an "interest" for purposes of the application of 2329.66(A)(1)(b),[6] here, it appears Debtor continues to retain titled ownership.

Second, the court must reject the Trustee's argument that the exemption should be disallowed because the Debtor did not adequately disclose the fact that the equity from the real estate claimed as exempt would come to the Debtor through the provisions of a divorce decree. Line 29 of Schedule B requires disclosure of "Family Support," which includes: "*Examples*: past due or lump sum alimony, child support, maintenance, divorce settlement, property settlement." [Doc. #1, at 14]. Debtor checked "no," which was incorrect. Debtor did disclose, under the Statement of Financial Affairs, Line 22, dealing with stored property other than in Debtor's home, "Divorce decree spells out items to be received." [Doc. #1, at 36]. The divorce action itself is listed on Statement of Financial Affairs, Line 9, with a case number and the box checked for "concluded." With the property un-refinanced and unsold, the case is, to some extent, ongoing in its implementation. However, as discussed above, under *Street* even a timely objection to the claim of exemption in the $40,000 future distribution would have been denied.

Moreover, even if the failure to disclose that the Debtor was to receive $40,000 for her equity in the homestead through a divorce decree was material (rather than the $92,085.64 claimed as exempt on Schedule C [Doc. #1, 16]), the Supreme Court has held that equitable arguments against claims of exemption are unavailing. *See*, *Law v. Siegel*, 571 U.S. 415, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014).

**WHEREFORE, IT IS THEREFORE ORDERED** that the Hearing on Confirmation of Debtor's Chapter 13 Plan shall be held consistent with this Decision.

---

6/ *In re Pugh*, 2015 WL 5145030 at *3, 2015 Bankr. LEXIS 2911 at *8-9 (Bankr. N.D. Ohio Aug. 31, 2015).